UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHENZHEN MAMMOTION INNOVATION CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> FUTUREGEN TECHNOLOGIES INC., <br><br> Defendant. | Civil Action No. 25-1945 (JEB) |

## MEMORANDUM OPINION

The future is upon us.  Plaintiff Shenzhen Mammotion Innovation Co., Ltd. is a Chinese company that manufactures robotic lawn mowers sold in the United States on Amazon. FutureGen Technologies Inc., a Florida corporation that develops and markets similar autonomous mowing technology, believes that Mammotion's products infringe its patents and thus submitted a complaint to Amazon.  The parties then engaged in settlement discussions, during which FutureGen was represented by its District of Columbia counsel.  When those negotiations broke down, Mammotion filed this declaratory-judgment action against FutureGen, seeking a declaration of patent non-infringement and invalidity.  FutureGen now moves to dismiss or, in the alternative, to transfer venue to the Southern District of Florida.  While the parties' robotic products may roam boundary-free, this lawsuit cannot proceed just anywhere. Agreeing that venue is improper in this district, the Court will grant the Motion to Transfer without reaching the alternative request for dismissal.

1

I.   **Background**

The Court, at this stage, accepts the basic facts in the Complaint as true.  See Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  As mentioned above, Mammotion manufactures autonomous robots, including "boundary-free lawn mowers and pool cleaning robots" under the 'Mammotion' brand."  ECF No. 1 (Compl.), ¶ 21.  A separate legal entity, Mammotion US, then markets and sells these products in the United States on Amazon.  Id., ¶¶ 22–23.

On April 25, 2025, Mammotion US received a notice from Amazon stating that FutureGen had submitted a complaint alleging that three Mammotion products infringe its patents.  Id., ¶ 24.  Amazon instructed Mammotion US to resolve the dispute promptly or risk the suspension of its selling privileges.  Id.  Mammotion then reached out to FutureGen to explore a potential business resolution.  Id., ¶ 25.

On May 23, the parties to this suit executed a non-disclosure agreement, with FutureGen represented by counsel from Ropes & Gray LLP's Washington, D.C., office.  Id., ¶ 26.  Through their attorneys, the companies then engaged in settlement negotiations over the following weeks, during which Mammotion voluntarily sent a physical sample of one of its products to FutureGen counsel's D.C. office.  Id., ¶¶ 26–28.  The discussions ultimately proved fruitless, id., ¶ 29, and Mammotion filed suit in this Court on June 20.  It seeks declaratory relief of non-infringement and invalidity, injunctive relief prohibiting FutureGen from asserting the patents at issue, damages on a tortious-interference claim, and attorney fees and costs.  Id. at 10–29.

FutureGen now moves to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim or, in the alternative, to transfer the case to the Southern District of

Florida.  See ECF No. 14 (MTD) at 15.  Finding the venue issue dispositive, the Court does not reach the other grounds for dismissal.

## II.     Legal Standard

Motions to dismiss for improper venue are governed by Federal Rule of Civil Procedure 12(b)(3).  "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008).  Given that it is a plaintiff's obligation to bring the action in an appropriate district, she "usually bears the burden of establishing that venue is proper."  Ellis-Smith v. Sec'y of Army, 793 F. Supp. 2d 173, 175 (D.D.C. 2011) (internal quotation marks and citation omitted).  "The Court, however, need not accept the plaintiff's legal conclusions as true, and may consider material outside the pleadings, including undisputed facts evidenced in the record to determine whether" venue is proper.  Braun v. U.S. Dep't of the Interior, 288 F. Supp. 3d 293, 298 (D.D.C. 2018) (cleaned up).  To prevail on a motion to dismiss, a "defendant must present facts that will defeat the plaintiff's assertion of venue."  Ellis-Smith, 793 F. Supp. 2d at 175.

Declaratory-judgment actions seeking a declaration of patent invalidity or non-infringement are governed by the general venue statute, 28 U.S.C. § 1391, not the special patent-venue provision in § 1400(b).  See 14D Wright & Miller's Federal Practice & Procedure § 3823 (4th ed. 2024); VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1990).  Under § 1391(b), a plaintiff can bring a federal lawsuit only in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

When a plaintiff brings suit in an improper venue, the district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Generally, "[t]he decision whether to dismiss or transfer 'in the interest of justice' is committed to the discretion of the district court." Fam v. Bank of Am. NA (USA), 236 F. Supp. 3d 397, 408 (D.D.C. 2017) (citing Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983)). A transfer under § 1406(a), furthermore, is permitted even when the transferring court lacks personal jurisdiction over the defendant. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465–66 (1962).

### III. Analysis

#### A. Improper Venue

Defending its choice of venue, Plaintiff relies solely on 28 U.S.C. § 1391(b)(2), which allows a claim to be brought in any district where "a substantial part of the events or omissions giving rise to the claim occurred." ECF No. 17 (Opp. to MTD) at 17. This provision does not "require a plaintiff to bring suit in a district where every event that supports an element of the claim occurred; rather, it merely requires a plaintiff to show that some considerable portion of the events occurred in their chosen forum." Maysaroh Am. Arab Commc'n & Translation Ctr., LLC, 51 F. Supp. 3d 88, 93 (D.D.C. 2014). In applying this analysis, our Circuit undertakes a "commonsense appraisal of the implications of" the "events having operative significance in the case." Sharp Elec. Corp. v. Hayman Cash Register Co., 655 F.2d 1228, 1229 (D.C. Cir. 1981).

4

Plaintiff contends that several events central to the claims took place here, including (1) FutureGen's engagement of D.C. counsel to handle settlement discussions; (2) Mammotion's submission of non-infringement contentions, claim charts, and related correspondence to Defendant's D.C. counsel; and (3) the shipment of a physical sample of the relevant product to D.C. counsel.  See Opp. to MTD at 18.  These are the wrong events to focus on, however.  They all occurred after the events that give rise to Plaintiff's patent and tort claims — namely, FutureGen's development, ownership, and enforcement of its patents, culminating in its filing of the Amazon complaint against Mammotion — which all took place in Boca Raton, Florida.  See ECF Nos. 1-7 (Copy of '164 Patent) at ECF p. 2 (inventor Michael Letsky based in Boca Raton, Florida); 1-8 (Copy of '297 patent) at ECF p. 2 (same); 1-9 (Copy of '776 Patent) at ECF p. 2 (same); 1-3 (Amazon Compl. Notice) (filed by Letsky); 17-1, Exh. 1 (April 30, 2025, correspondence between Letsky and Counsel for Mammotion regarding Amazon Complaint); 14-1 (Negotiation Correspondence) at 25–26 (D.C. Counsel's May 10, 2025, Introductory Email); see also Compl.,¶ 5 (Letsky resides and conducts business in Boca Raton).  FutureGen's engagement of D.C. counsel was an effort to resolve those Florida-based disputes short of litigation.  Although the ensuing negotiations may have influenced the timing of this action, they did not give rise to the claims that Plaintiff asserts in its Complaint.  Section 1391(b)(2) therefore provides no basis for venue in this district.

B.  Transfer

In such a circumstance, 28 U.S.C. § 1406(a) provides that the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  The D.C. Circuit has recognized that the "standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it."  Nat'l Wildlife Fed'n v.

Browner, 237 F.3d 670, 674 (D.C. Cir. 2001); see also Delta Sigma Theta Sorority Inc. v. Bivins, 20 F. Supp. 3d 207, 218 (D.D.C. 2014) ("[T]he interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal.") (internal quotation marks removed). Transfer is typically appropriate, moreover, when "substantive issues still remain in dispute." Beckford v. Esper, 2018 WL 4778930, at *2 (D.D.C. Oct. 3, 2018). Multiple disputes exist here, including whether FutureGen's patents are valid and infringed, and whether its actions relating to the Amazon complaint give rise to tort liability. The Court therefore finds that the interests of justice favor transfer rather than dismissal.

The Southern District of Florida is the proper venue because FutureGen, as well as its CEO and patent inventor Michael Letsky, are based in Boca Raton, see Compl., ¶ 5; ECF No. 1-5, Exh. 3 (FutureGen Corporate Registration) (listing Letsky's address), and the conduct underlying the asserted patents and Amazon complaint occurred there. See supra Section III.A. The Court will accordingly transfer the case to that district.

**IV.     Conclusion**

For the foregoing reasons, the Court will issue a contemporaneous Order granting Defendant's Motion to Transfer.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  October 15, 2025